IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BROOKE NICOLE DAMIAN                                             PLAINTIFF

v.                      Civil No. 2:19-CV-02056

DEPUTY CHINA WEBB (Sebastian County                      DEFENDANT
Detention Center)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the Sebastian County Detention Center's Motion for Summary Judgment as to Plaintiff's official capacity claims against Defendant Webb. (ECF No. 64). Also before the Court is Plaintiff's Motion for Default Judgment regarding her personal capacity claims against Defendant Webb. (ECF No. 69).

### I. BACKGROUND

Plaintiff filed her Complaint on May 6, 2019, alleging Defendant Webb failed to protect her from being assaulted by other inmates and denied her medical care. (ECF No. 1). She proceeds against Defendant Webb in both her official and individual capacity for all claims. (*Id*. at 5, 6). The first summons to Defendant Webb was returned unexecuted on May 30, 2019, indicating that Defendant Webb was no longer employed at the Sebastian County Detention Center and no forwarding address was available. (ECF No. 10).

On June 18, 2019, the Court entered an Order directing Plaintiff to provide information to serve Defendant Webb, which she provided on June 24, 2019. (ECF Nos. 12, 13). Summons sent to Defendant Webb at the Sequoyah County Sheriff's Office in Sallisaw, Oklahoma was returned

1

executed on July 9, 2019, with Defendant's Answer due by July 26, 2019. (ECF No. 18). On August 5, 2019, the Court entered a Show Cause Order directing Defendant Webb to show cause for her failure to file her Answer. (ECF No. 19). On August 23, 2019, the Sequoyah County Sheriff's Department indicated that Defendant Webb no longer worked there, and the previous summons had been signed inadvertently. (ECF No. 21). The summons was filed as unexecuted. (*Id.*).

On August 23, 2019, the Court entered a second Order directing Plaintiff to provide service information. (ECF No. 22). Plaintiff filed her Response on August 30, 2019. (ECF No. 23). The Court entered a service Order directed to the LeFlore County Detention Center on September 4, 2019. (ECF No. 24). This summons was returned unexecuted on September 12, 2019, stating that Defendant no longer worked there, and the detention center had no last known address or phone number to provide. (*Id.*).

On September 13, 2019, the Court entered an Order directing Plaintiff to provide additional service information. (ECF No. 27). Plaintiff responded on September 23, 2019, asking the Court to request this information from Steve Hotz, in the Sebastian County Human Resource Department. Plaintiff provided his address for reference. (ECF No. 28). On September 25, 2019, the Court entered an order directing the Clerk to issue a subpoena to Steven Hotz. The subpoena required the production of all addresses in the Sebastian County Human Resources records for former Sebastian County employee Deputy China Webb. (ECF No. 29). The subpoena was mailed that same day. (ECF No. 30). Two addresses in Pocola, Oklahoma were provided to the Court under seal on September 30, 2019. (ECF No. 31). Service to these addresses was mailed on February 6, 2020. (ECF No. 34). Service to one of the addresses was returned executed on March

5, 2020. (ECF No. 35). The return receipt was signed by Defendant China Webb on February 25, 2020. (*Id*. at 4). Defendant Webb's Answer was due on March 17, 2020. (*Id*.).

On July 9, 2020, the Court entered a Show Cause Order directing Defendant Webb to show cause for her failure to submit an Answer. (ECF No. 36). A copy of the Order was also sent to the Jason Owens Law Firm, as they had represented Sebastian County Defendants in prior § 1983 cases. (*Id*.). On July 29, 2020, counsel from the firm requested an extension of 30 days to respond to the Show Cause Order. (ECF No. 39). As grounds, they stated that they were unaware that Defendant Webb had been served and had been unable to contact her by either telephone or mail. (*Id*. at 1). On August 12, 2020, the Show Cause Order sent to Defendant Webb was returned as undeliverable. (ECF No. 41). On August 27, 2020, counsel filed a Response to the Order to Show Cause, stating that they continued to be unable to contact Defendant Webb, and they would file a Motion for Leave to file an Answer on behalf of Defendant Webb in her official capacity only. (ECF No. 43). That same day, they filed their Motion for Leave to Answer Out of Time. (ECF No. 44). The Motion was granted on August 31, 2020. (ECF No. 46). Counsel filed an Answer on behalf of Defendant Webb, in her official capacity only, on September 2, 2020. (ECF No. 48). On September 11, 2020, the Court entered an Order directing the Clerk of Court to enter a Clerk's Order of Default against Defendant Webb in her personal capacity. (ECF No. 50).

Counsel for the law firm filed a Motion for Summary Judgment as to Defendant Webb's official capacity claims on April 30, 2021. (ECF No. 64). On May 3, 2021, the Court entered an Order directing Plaintiff to file her Summary Judgment Response. (ECF No. 67). Plaintiff filed her Response on May 24, 2021. (ECF No. 68). The entirety of the Response states:

> Comes now the plaintiff Brooke Nicole Damian's response to the defendant's request for summary judgment in her, China Webb's, official capacity claim. After further review of my discovery I, Brooke Damian, am not able to provide evidence of a policy for the Sebastian County Detention Center being the cause of my attack.

> China Webb acted in her own individual capacity during the altercation where she failed to protect me. With this knowledge and better understanding of the claims I do not object to the official capacity claim being dismissed from my lawsuit. However I do want the individual claim to remain on-going.

(*Id*.).  Plaintiff also filed a Motion for Default Judgment on May 24, 2021.[1]  (ECF No. 69).  Counsel filed a Response on June 7, 2021.  (ECF No. 70).  In the Response, Counsel noted that Plaintiff had "essentially conceded" her summary judgment to Defendant Webb in her official capacity, therefore, a default judgment should be limited to her personal capacity claims against Defendant Webb.  (*Id*.).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical Co*., 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor."  *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is

---

[1] This is Plaintiff's second Motion for Default Judgment.  Plaintiff filed the first Motion on October 26, 2020.  (ECF No. 54).  This Motion was denied on October 27, 2020, because litigation on the merits of Plaintiff's official capacity claims was ongoing, and the Court could not say under Rule 54(b) that no just reason existed to delay entry of judgment as to this Defendant. Plaintiff was granted leave to renew her motion (modified as necessary) after a final decision on the merits of the official capacity claims had been reached.  (ECF No. 56).

4

insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Plaintiff has conceded that there is no evidence of official capacity claims against the Sebastian County Detention Center. Additionally, she has "no objection to the official capacity claim being dismissed from [her] lawsuit." Accordingly, there is no genuine dispute as to any material fact concerning the official capacity claims against Defendant Webb, and the Sebastian County Detention Center is entitled to judgment as a matter of law as to those official capacity claims.

This leaves Plaintiff's Motion for Default Judgment as to the personal capacity claims against Defendant Webb. (ECF No. 69). Pursuant to Federal Rule of Civil Procedure 55(b)(1), a default judgment may be entered by the Clerk only if the claim "is for a sum certain or a sum that can be made certain by computation." Plaintiff's personal capacity claims do not meet this criteria. Instead, a hearing pursuant to Fed. R. Civ. P. 55(b)(2) is necessary to permit Plaintiff to present evidence of her damages. A hearing before the undersigned will be set by separate order.

### IV.  CONCLUSION

Accordingly, it is recommended that the Sebastian County Detention Center's Motion for Summary Judgment as to Plaintiff's official capacity claims against Defendant Webb (ECF No. 64) be GRANTED, and Plaintiff's official capacity claims against Defendant Webb be DISMISSED WITH PREJUDICE.

Plaintiff's individual capacity claims against Defendant Webb require further proceedings for resolution.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of October 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE