IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BROOKE NICOLE DAMIAN                                                              PLAINTIFF

v.                                      Civil No. 2:19-CV-02056

DEPUTY CHINA WEBB                                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is the issue of damages on Plaintiff's Motion for Default Judgment. (ECF No. 69). On September 11, 2020, the Court entered an Order directing the Clerk of Court to enter a Clerk's Order of Default against Defendant Webb in her personal capacity.[1] (ECF No. 50). The Clerk's Entry of Default was entered that same day. (ECF No. 51). On November 30, 2021, Plaintiff appeared before the Court by Zoom videoconference to present evidence on the issue of damages. (ECF No. 75). The Court also took judicial notice of evidence previously submitted into the record by Plaintiff. (ECF No. 74).

"When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). A Plaintiff must establish his or her damages

---

[1] Plaintiff's official capacity claims against Sebastian County were dismissed with prejudice on October 27, 2021. (ECF No. 72).

1

to a "reasonable degree of certainty." *Id*. at 819. Plaintiff has presented evidence of compensatory and punitive damages under this standard. The Court found Plaintiff to be a credible witness. Her testimony was also corroborated by the evidence she submitted, including a jail video and a memo from the Sebastian County Sheriff's Office which summarized the findings of an internal investigation of Defendant Webb related to the allegations of this case, and which recommended Webb's immediate termination. (ECF No. 5).

In her verified Complaint, Plaintiff alleged that while she was incarcerated in the Sebastian County Detention Center, Defendant Webb failed to protect her from being assaulted by Inmate J. Ortega-Gregg on April 12, 2019, and denied her medical care[2] during the month of April 2019. (ECF No. 1). She described her injuries from the inmate attack as "a scar on my cheek, a knot on my head, and PTSD issues." (ECF No. 1 at 3). She requested compensatory damages for "payment for medical treatment cost, payment for pain and suffering, payment for help with PTSD issues, [and] treatment for scar on my face."

At the hearing, Plaintiff testified that she received a laceration on her face during the attack by Inmate Ortega-Gregg, which caused a small permanent scar. She received a knot and bruise on her left temple, which took between one week and two weeks to "come down," as well as bruises on her back and shoulder. This testimony was corroborated in a jail injury form. (ECF No. 74-2). She testified she was in severe pain for approximately eight days, stating it was for more than a week, but less than two weeks. She suffered from anxiety in the week prior to the attack and still suffers from anxiety and PTSD. She is fearful for her safety when Inmate Ortega-Gregg is released from prison. She was taken to a counselor at the jail on one occasion after the incident, and was

---

[2] Plaintiff's verified complaint and testimony concerning the denial of medical care indicated that it was not related to the attack on April 12, 2019. Instead, she testified that she felt ill, perhaps had a fever, and lost her voice for a short time, and Defendant Webb denied her a visit to medical for 2-3 days. As these facts do not state a cognizable denial of medical care claim, the Court will not discuss this claim further.

2

charged $20 for the session. She also testified that she was required to pay $5 to obtain some Tylenol on two occasions after the attack. She estimated she was charged at least $30 at the jail for medical care and counseling while in the Sebastian County Detention Center. She did not receive additional medical treatment for her injuries when she was transferred from the Sebastian County Detention Center to the Arkansas Division of Correction ("ADC"), nor has she sought any further medical care for her injuries after her release from the ADC.

In her verified Complaint, Plaintiff alleged that she wrote a grievance against Defendant Webb, and Webb retaliated by turning inmate Inmate Ortega-Gregg against her. Plaintiff alleged she asked for Webb's help several times and Webb ignored her. (ECF No. 1 at 5). At the hearing, Plaintiff provided additional details as to Defendant Webb's role in the attack. She testified that Defendant Webb called her into the vestibule and said she heard that Plaintiff had filed a grievance against her stating that Webb was providing pills and other contraband to inmates. Plaintiff testified that Defendant Webb then convinced the other inmates that Plaintiff was the reason that Webb could no longer provide pills and other contraband to them. Inmate Ortega-Gregg was one of the inmates who was receiving pills from Defendant Webb, and Plaintiff believed that this was why she attacked her. Prior to the attack, Plaintiff and Ortega-Gregg were friends. Plaintiff further testified that in the week prior to the incident Defendant Webb deliberately opened all cell doors in violation of jail policy, allowing inmates who should have been in segregation to mingle freely with other inmates. This resulted in Plaintiff being threatened by inmates. Defendant Webb heard the threats and ignored them. After the attack, Inmate Ortega-Gregg was not removed or placed in segregation. Plaintiff was incarcerated in the ADC for two years after the incident, and, due to Defendant Webb labelling her a snitch, continued to receive threats from inmates the entire time.

The Sebastian County Sheriff's Office memo submitted by Plaintiff provided additional background to the incidents leading to the attack. The memo states that the Sheriff received an envelope containing six letters from different female inmates housed in the CD pod. (ECF No. 74-5 at 1). The letters accused Defendant Webb of several activities, including "giving green lights[3] for fights," bringing narcotics into the facility, and getting messages sent to her from inmates' families. (*Id.*). Inmate Nicki Knauls stated that Defendant Webb had green-lighted the fight between Plaintiff and Inmate Ortega. According to Knauls, Defendant Webb green-lighted her and Ortega[4] to assault Plaintiff for being a snitch on April 12, 2019. Defendant Webb told Knauls and Ortega to wait until the trays were picked up before doing so. Knauls decided not to participate in the fight because felt she was being set up by Defendant Webb. The memo summarizes the video of the incident as follows:

> In the video Deputy Webb goes into the vestibule to check on the segregation unit. Ms. Damian and Ms. Ortega begin to argue. This argument took place in front of the gate going into the vestibule. Deputy Webb made no attempt to stop the argument. After a few minutes of arguing Ms. Ortega assaulted Ms. Damian in the corner by the gate. Deputy Webb failed to call for assistance immediately. She walked to the gate looked in and then radioed for assistance.

(*Id.*). Upon being interviewed on April 19, 2019, both Inmate Knauls and Inmate Ortega indicated that Defendant Webb stood by the control panel and watched the fight. (*Id.* at 2). These allegations were considered to be consistent with the video as well. The memo states that the video also supports the accusations that Webb was showing inmates messages on her smartwatch. (*Id.*). The Investigator recommended that Defendant Webb be terminated from her employment with the

---

[3] Giving a "green light" generally means to give authority or permission to proceed. https://www.merriam-webster.com/dictionary/green%20light?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last accessed Dec. 3, 2021. In the prison context, placing a green light on an inmate means that the inmate has been targeted for a beating or outright killing. *See, e.g.* Teresa Watanabe, *Asian Inmates Still Fear Attacks in Integrated Jails*, Los Angeles Times, Feb. 8, 2004 at https://www.latimes.com/archives/la-xpm-2004-feb-08-me-asians8-story.html; https://www.urbandictionary.com/define.php?term=Greenlit.

[4] The memo refers to J. Ortega without the hyphenation of the name used in Plaintiff's complaint. The Court will leave the name as used in the memo for consistency with the memo.

Sebastian County Sheriff's Office. (*Id.*). Defendant Webb submitted a handwritten resignation notice on April 22, 2019. (ECF No. 74-1).

The Court viewed the video of the attack. The video is consistent with the Sheriff's Department summary. In addition, the Court notes that when Inmate Ortega-Gregg initiated the attack, Plaintiff's head came into contact with the wall and the wall telephones several times with what appeared to be considerable force before Inmate Ortega-Gregg then knocked her to the floor and hit her repeatedly.

Plaintiff seeks both compensatory and punitive damages. Plaintiff's testimony and evidence indicates that she suffered sufficiently serious injuries from the attack to satisfy the Prison Litigation Reform Act's physical injury requirement to recover damages for pain and emotional injury under § 1983. The laceration to her face, swelling and bruising on her temple, and bruising on her back and shoulder caused her to suffer pain for more than one week, but less than two weeks. She suffered from anxiety in the week leading up to the attack, during which time Defendant Webb allowing certain inmates out of their cells in violation of jail policy and permitted them to be in proximity to Plaintiff – presumably to threaten Plaintiff. Plaintiff has a small permanent facial scar, ongoing anxiety, and self-diagnosed PTSD. She continued to be threatened during her two years in the ADC by inmates who believed her to be a snitch.[5] Although Plaintiff is no longer incarcerated, she fears for her safety when Inmate Ortega-Gregg is released from the ADC. After reviewing the evidence in the record and comparing jury verdicts in similar cases, the Court concludes that Plaintiff is entitled to compensatory damages in the amount of $2,500.00.

The Eighth Circuit recently addressed the award of punitive damages for § 1983 cases in *McAdoo v. Martin*, 899 F.3d 521 (8th Cir. 2018):

---

[5] The conventional prison code is that "snitches get stitches." https://www.themarshallproject.org/2018/07/19/it-s-surprisingly-tough-to-avoid-snitching-in-prison. (last accessed Dec. 3, 2021).

> "Punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Schaub v. VonWald*, 638 F.3d 905, 922 (8th Cir. 2011) (citing *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983)). "[P]rov[ing] reckless indifference ... requires evidence that the defendant acted 'in the face of a perceived risk that [his or her] actions [would] violate federal law.'" *Swipies v. Kofka*, 419 F.3d 709, 718 (8th Cir. 2005) (second and third alterations in original) (citing *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999)).

(*Id*. at 527). Here, Plaintiff has provided testimony and corroborating evidence that Defendant Webb acted with evil motive or intent concerning the incident. Defendant Webb deliberately fomented inmate hostility against Plaintiff by labelling her a snitch and telling inmates that Plaintiff was the reason Webb could no longer provide them with illegal drugs and other contraband, carefully organized the attack against her with two inmates, and then stood back and watched that attack take place. Accordingly, the Court concludes that Plaintiff is entitled to punitive damages in the amount of $2,500.00.

Upon such evidence, it is recommended that a default judgment be entered in favor of Plaintiff against Defendant China Webb in the amount of $5,000.00, plus costs.[6]

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of December 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[6] As Plaintiff proceeded IFP as a prisoner, she paid $70.40 of her filing fee, with a remaining balance of $279.60.

6